Richardson, J.
dissenting. ' The law applicable to this case is simple and general. If A destroy the property of B by fire, A is liable in damages: because, by implication of law, every man is liable for the mischief he has done to another. But if A can show that he was in (he lawful use of fire — as for burning his own fields — and without any want of due care on his part in the use of so dangerous an instrument, the ñame extended to B’s fields, A will not be liable. The same law would apply to the case of mischief done by a gun or a sword. He who uses a dangerous implement, and does an injury, must show that he used it with proper caution. The same rational rule of law applies to the use of fire in a locomotive or steamboat, or in any other way. There is neither peculiar exemption nor specific liability by law for any such a vehicle, employment, or occupation. And there is no more of an implied contract or individual license with *360 them than with every wagoner that drives on the highway1,- or boatman that ascends the river.
But the Judge charged the jury “that the grant of an' easement or privilege over land, subjects the grantor to such inconveniences and risks as are necessarily incident to the use of the thing granted; and therefore, when one granted a right of way through his land for the Railroad, of which the motive power is steam, the privilege was granted subject to such risks as are necessarily incident to the use of steam locomotives.” The law here laid down by the Judge govérned the verdict, which is right or wrong accordingly. For myself,. I cannot perceive in the law, or in the character of the grant to the Railroad Company, any such privilege.
The way for a Railroad is, in fact, a forced purchase of land, by a right to purchase of the owner, given by law to the Company, and there is no other contract, express or implied, with the vendor. He therefore remains in the law and right of redress for injury that belongs to a stranger or any other man.- We cannot recognize a different rule for the grantee of this particular highway — and if so, there is error in the legal instructions to the jury, in supposing thé grant of way to a Railroad is of the nature of an easement, with apposite and implied privileges, running with the grant,, on account of the objects of the purchaser. This cannot be, unless we lay down one rule for the Railroad’s liability to' the adjoining freeholders, and a different rule for their liability to other men. But the Judge continues: “The jury were instructed that every kindling of a fire, by sparks from the engine, -was not actionable; but it should appear to have-occurred through neglect of proper precautions.”
Here the error is this — that the condition of the plaintiff’s' recovery is, that he must show that the mischief was done through the negligence of the defendant; instead of the defendant being liable, unless he prove that all due care was taken to' prevent mischief from his .fire; which is the law.See Simpson v. Steamboat Company. The Steamboat Company was held liable, and due care in using their fire, was for' them to prove. This rule was not applied to steamboats, because they were common carriers. But when it was decided that they were not liable like other carriers for all losses by fire, the general rule followed of course, that they must be liable, as at common law, unless they proved all due precaution taken o'n their part to prevent the loss. If this be the' rule of law, the burthen of disproof must not be shifted; and the plaintiff made to show the mischief coupled with negligence. The former is, prima facie, enough for the plaintiff: *361 the defendant is to make the second issue, by proving due caution.
This second legal error arose plainly from supposing that the sale of a way for the Railroad is an easement,- with intrinsic and characteristic privileges. If there is any such privilege given to this particular highway, the Circuit Judge was right. But if there be no such privilege, there ought to be a new trial — ex débito justicia.
Motion refused. .